IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
BELLE TERRACE PRESBYTERIAN    *
CHURCH,                       *
                              *
          Plaintiff,          *
                              *       CV 112-084
     v.                       *
                              *
CC RECOVERY,                  *
                              *
          Defendant.          *
```

**ORDER**

Presently pending before the Court is Plaintiff's Motion for Default Judgment. (Doc. no. 8.) For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

This case arises from Defendant's efforts to collect a nonexistent debt from Plaintiff. On or about January 5, 2011, an employee of Yellow Local Directory contacted Plaintiff to "confirm" a nonexistent listing in the Yellow Pages. (Compl. ¶ 1.) The caller spoke with a part-time secretary and failed to inform her that that there was no existing contract. (Id.) The caller did not ask for authorization to enter into a new contract. (Id.) Nevertheless, Yellow Local Directory sent Plaintiff a bill for services rendered. (Id. ¶ 2.) Plaintiff responded and informed Yellow Local Directory that Plaintiff never entered into a contract for the services. (Id.) Yellow

Local Directory discontinued collection efforts but apparently assigned the purported debt to Defendant. (Id. ¶ 3.)

On December 20, 2011, Defendant emailed Plaintiff seeking to collect a balance of $825.06, which included $499.99 for the listing price of an advertisement, as well as interest charges and fees for legal, administrative, and collection services. (Id. ¶ 4, & Ex. 1.) On January 23, 2012, Plaintiff's counsel mailed a cease-and-desist letter to Defendant. (Id. ¶ 5.) The letter advised Defendant that the alleged debt was nonexistent and that any further contact should be directed at Plaintiff's counsel. (Id., Ex. 2.) Plaintiff's counsel received no response to that letter. (Id. ¶ 6.) However, on February 6, 2012, Defendant mailed another letter to Plaintiff, seeking to collect the same nonexistent debt and threatening to report the debt to a credit reporting agency. (Id. ¶ 7, & Ex. 3.) In response, Plaintiff's counsel sent another cease-and-desist letter. (Id., Ex. 4.) On April 5, 2012, Defendant mailed Plaintiff another letter seeking to collect the bogus debt. (Id. ¶ 9.) Plaintiff's counsel responded with a third cease-and-desist letter. (Id. ¶ 10.) No further communications were alleged.

On June 7, 2012, Plaintiff filed suit alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). (Doc. no. 1.) Defendant was served on August 24, 2012. (Doc. nos. 5, 9.) Defendant failed to plead or otherwise

respond to the Complaint, and on November 6, 2012, the Clerk of the Court entered default against Defendant. (Doc. no. 7.) Subsequently, Plaintiff filed its Motion for Default Judgment on July 3, 2013, asserting that, pursuant to Federal Rule of Civil Procedure 55(b), the Court should enter default judgment against Defendant. (Doc. no. 8.)

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the Court's ability to grant a default judgment, and vests the court with discretion to determine whether judgment should be entered. Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). "[A] Defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered . . . . The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A defendant, by his default, is only deemed to have admitted the "plaintiff's well-pleaded allegations of fact." Id. This Court has explained that three distinct matters are essential for the entry of default

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in the Eleventh Circuit).

judgment: (1) jurisdiction, (2) liability, and (3) damages. Pitts, 321 F. Supp. 2d at 1356. With respect to the jurisdictional element, "[t]he Court must have personal and subject-matter jurisdiction over the defendant." Id. Furthermore, "[t]he presence of the Court's jurisdiction must appear on the face of the complaint." Id.

**A. Jurisdiction**

*1. Subject Matter Jurisdiction*

There is subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 because this case arises under the FDCPA.

*2. Personal Jurisdiction*

In regards to personal jurisdiction, the Complaint alleges that Defendant is an entity lawfully authorized to conduct business in Georgia, regularly conducts business in Georgia, and was engaged in the debt collection efforts giving rise to this case in Georgia. (Compl. ¶¶ 3, 4, 7, 9, & Exs. 1, 3, 5.) The Court concludes that personal jurisdiction over Defendant is proper pursuant to subsection (1) of the Georgia long-arm statute. Jurisdiction may be exercised under subsection (1) over a nonresident that "transacts any business within this state." O.C.G.A. § 9-10-91(1). "Jurisdiction exists on the basis of transacting business in this state if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of

4

action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." Aero Toy Store, LLC v. Grieves, 279 Ga. App. 515, 517-18 (2006).

Here, it appears that Defendant is a nonresident entity that purposefully engaged in debt collection efforts in Georgia, and the cause of action arises from those debt collection efforts. (See Compl. ¶¶ 3, 4, 7, 9, & Exs. 1, 3, 5.) These allegations are sufficient to meet the requirements of subsection (1) of the Georgia long-arm statute. See Bailey v. Clegg, Brush & Assocs., Inc., No. 1:90-CV-2702, 1991 WL 143461, at *1-2 (N.D. Ga. June 14, 1991) (determining that nonresident debt collector that mailed demand letters to Georgia residents was subject to jurisdiction under Georgia's long-arm statute). Moreover, personal jurisdiction is appropriate under the Due Process Clause of the Fourteenth Amendment. See id. at *2 (nonresident debt collector that sent demand letters to Georgia residents had sufficient minimum contacts with Georgia, and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice). Consequently, personal jurisdiction against Defendant is proper.

**B. Liability**

"The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers."

5

Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (citing 15 U.S.C. § 1692(e); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010)). In order to prevail on an FDCPA claim, Plaintiff must establish that: (1) it was the object of "collection activity" arising from "consumer debt"; (2) Defendant qualifies as a "debt collector" under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA. Dunham v. Lombardo, Davis & Goldman, 830 F. Supp. 2d 1305, 1306-07 (S.D. Fla. 2011).

In regards to the first element, the FDCPA defines "debt" as "any obligation or alleged obligation *of a consumer* to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household purposes.*" 15 U.S.C. § 1692a(5) (emphasis added). The term "consumer" is defined as "any *natural person* obligated or allegedly obligated to pay any debt." Id. § 1692a(3) (emphasis added). The FDCPA is limited to "consumer debt," and it does not cover debts arising from business transactions. Dunham, 830 F. Supp. 2d at 1307 n.2 (citing Heintz v. Jenkins, 514 U.S. 291, 293 (1995); Lingo v. City of Albany, 195 Fed. Appx. 891, 893 (11th Cir. 2006)). The FDCPA's purpose is "to protect individuals as opposed to business entities." Garcia v. Jenkins/Babb LLP, No. 3:11-CV-3171, 2013 WL 6388443, at *6 (N.D. Tex. Dec. 5, 2013).

Here, Plaintiff is a church entity, not a "natural person." Thus, according to the plain language of section 1692a(3), Plaintiff is not a "consumer" for FDCPA purposes. Moreover, the alleged debt in this case cannot be said to arise out of a transaction that was "primarily for personal, family, or household purposes" under section 1692a(5). Consequently, Plaintiff cannot state a claim against Defendant under the FDCPA.[2]

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment (doc. no. 8) is **DENIED**. Due to the critical deficiency in Plaintiff's FDCPA claim, Plaintiff is **DIRECTED** to file an Amended Complaint or notify the Court that it seeks voluntary dismissal of this Action within **twenty-one (21) days** of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of January, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] To be clear, the Court's analysis is limited to FDCPA liability. The Court has not addressed whether Defendant's alleged acts may result in some other form of civil or criminal liability.